Argued December 11, 1929; affirmed February 25, 1930

WERLEIN ET AL. *v.* CLARK ET AL.

(285 P. 228)

*H. T. Botts* of Tillamook (Botts & Winslow of Tillamook on the brief) for appellants.

*Allen H. McCurtain* of Portland for respondents.

RAND, J. On September 15, 1927, defendants entered into a written contract with plaintiffs to purchase from plaintiffs a certain farm in Tillamook county for the sum of $16,500, of which no payment thereon was made at the time. As additional security for the payment of said purchase price, defendants executed and delivered to plaintiffs a mortgage on certain adjacent tide lands then owned by them. This mortgage was so conditioned that if the contract price of the lands was paid it should be null and void, but if defendants defaulted in the payment of the purchase price then plaintiffs could foreclose the mortgage, have the lands sold and apply the proceeds in payment of said purchase price and of attorney's fees and costs of suit, the overplus, if any, to be paid to defendants. Thereafter defendants defaulted in the payment of the purchase price and plaintiffs foreclosed the contract by a suit in equity and the lands were sold and bid in by plaintiffs for the sum of $14,000, which was applied in part payment of the purchase price. Thereafter plaintiffs commenced this suit to foreclose the mortgage on the tide lands for the deficiency of the purchase price which then amounted to the sum of $3,071.43, together with interest thereon from November 3, 1928, at the rate of 6 per cent per annum, and obtained a decree foreclosing the mortgage, from which defendants have appealed.

The amended complaint in this suit alleged all of the foregoing facts. Defendants answered, setting up certain new matter most of which was admitted by the reply. Upon the trial of the cause in the court below the facts were stipulated and no evidence was offered for plaintiffs or defendants. Among other things, it was stipulated that all of the allegations of the

amended complaint were true. One of the allegations stipulated to be true was that there was due, owing and unpaid to plaintiffs from defendants under the contract and under the mortgage the sum of $3,071.43 with interest thereon from November 3, 1928, at the rate of 6 per cent per annum, which date, it was stipulated, was the date of the sheriff's return of the sale made under execution in the proceedings foreclosing the contract. It was further stipulated that "there are no disputed facts on which the court will be required to make findings but that briefs will be submitted on the questions raised by the defendants' further and separate answer and plaintiffs' reply thereto, namely: On the question of whether the plaintiffs herein waived their lien as pleaded by said answer and reply." It was alleged in the answer that defendants' indebtedness under the contract for the purchase of the farm was the same indebtedness as that secured by the mortgage on the tide lands and that plaintiffs, having foreclosed the contract in a separate suit without at the same time foreclosing the mortgage, waived "any and all liens upon the real property" described in the mortgage and have thereby "exhausted all of their remedy for the collection and recovery of the indebtedness" for which both the mortgage and contract were given. This allegation was denied in the reply and as a reply thereto it was alleged that the contract contained the provision that "if there be a deficiency in the sums contracted to be paid by the purchasers, then the owners may foreclose the said mortgage on said tide lands and recover in such foreclosure proceedings said deficiency or so much thereof as said tide land property will bring at such foreclosure sale." It will thus be seen that the question presented to the trial court

under the stipulation and the issues made by the pleadings was the question of whether plaintiffs, by foreclosing the contract in a separate suit, waived their right to subsequently and in another suit foreclose the mortgage on the tide lands for the deficiency of the purchase price not realized from the sale of the lands made pursuant to the decree in the first suit. The mortgage of the tide lands was admittedly given as additional security for the payment of the purchase price of the farm and it is clear that the parties intended that if there should be a default in the payment by defendants of the purchase price of the lands, then the mortgage on the tide lands should be security for the payment of any deficiency of the purchase price of the lands which should then exist. Defendants having defaulted in the payment of the purchase price, plaintiffs were entitled to foreclose the contract and have the lands sold to the highest bidder for cash and if the sum paid was less than the amount of the purchase price, to then foreclose the mortgage and have the tide lands sold to satisfy such deficiency. As was said by Judge Cooley in *McKinney v. Miller,* 19 Mich. 142: "One who holds several mortgages as mortgagee, to secure a single debt, may foreclose either of them at his option separately until his debt is satisfied." It follows, therefore, as held by the learned trial court, that the foreclosure of the contract in a separate suit did not amount to a waiver of plaintiffs' right to foreclose the mortgage in a subsequent suit since the debt for which the mortgage was given had not been satisfied by the proceedings had in the former suit.

■ The contract for the purchase of the farm contained a provision that "the owners may foreclose this contract by a proceeding in strict foreclosure and expel

the purchasers, or those claiming by, through or under them, of any right, title or interest which the said purchasers have acquired by virtue of any payments made under the terms hereof, and sell the said premises in said foreclosure proceeding to the highest bidder for cash in hand, and credit to the purchasers the sums so received at said sale.'' Because of this express provision in the contract, defendants now claim that the procedure so provided for, namely, a strict foreclosure, constituted a condition precedent which, unless complied with, would defeat the mortgage and, it not having been complied with, is a bar to plaintiffs' right to have the mortgage foreclosed. We do not so read the contract. The provision is directory, not mandatory. A foreclosure of the contract and a sale of the property by a suit in equity, followed by a decree which preserved the right of redemption and did not provide for a strict foreclosure, under which the right would have been lost, was advantageous to defendants and the provision itself, when read as an entirety, shows that the parties did not contemplate nor intend that there should be a strict foreclosure of the contract, for it provides that plaintiffs may sell the premises to the highest bidder for cash in hand and credit the sums received at said sale, which could not have been done in a strict foreclosure proceeding, which if followed would have required defendants within a stated time to either pay the entire purchase price or surrender up their rights under the contract. It is very evident that the use of the words ''in strict foreclosure'' was a misuse and did not express accurately the intention of the parties.

Finding no error in the record, the decree appealed from must be affirmed.

CosHow, C. J., Belt and Rossman, JJ., concur.